**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**J. Isidro Gerardo CORONA–CASTANE-DA, a.k.a. Isidro Gerardo Corona–Castaneda; Isidro Corona–Castaneda; Isidro Gerardo Corona, Defendant—Appellant.**

**No. 04–10088.**

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 2006.*

Decided March 23, 2006.

USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff—Appellee.

Robert W. Rainwater, AFPD, FPDCA—Federal Public Defender's Office, Fresno, CA, for Defendant—Appellant.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ****

In 1988, J. Isidro Gerardo Corona–Castaneda received a felony conviction for rape by force in violation of California Penal Code § 261. In 2003, he pled guilty to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. The district court sentenced him to a 77–month term of imprisonment. Corona–Castaneda argues that the maximum statutory sentence under § 1326 is only two years because rape was not an "aggravated felony" at the time of his 1988 conviction. We hold that the 77–month sentence does not exceed the statutory maximum.

The maximum term of imprisonment under § 1326 depends on the defendant's criminal history. The default maximum term is two years. 8 U.S.C. § 1326(a). The maximum term rises to ten years if the defendant's "removal was subsequent to a conviction for commission of," inter alia, "a felony (other than an aggravated felony)." *Id.* § 1326(b)(1). The maximum term further increases to twenty years if the defendant's "removal was subsequent to a conviction for commission of an aggravated felony." *Id.* § 1326(b)(2).

Regardless of whether Corona–Castaneda's prior rape conviction now counts as an "aggravated felony," it certainly qualifies as "a felony (other than an aggravated felony)." Under § 1326(b)(1), the statutorily authorized maximum sentence is 120 months, which is far greater than the 77–month sentence imposed in this case. We hold, therefore, that the district court's sentence did not exceed the statutory maximum.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We grant a limited remand under *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005).

Sentence VACATED and REMANDED under *Ameline*.